**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**THOMAS B. MONTGOMERY, et al.,**

                               **Plaintiffs,**                     **9:12-CV-0527**
                                                                              **(MAD/TWD)**

     **v.**

**UNITED STATES OF AMERICA,** *et al.*,

                               **Defendants.**

---

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION and ORDER

### I. INTRODUCTION

This *pro se* civil action was filed by thirty-eight inmates confined in the custody of the South Carolina Department of Corrections. *See* Dkt. No. 1.[1] The submission accepted for filing as Plaintiffs' complaint is styled as a "Motion to Consolidate; Petition to Remove; Motion for Protective Order due to threat of imminent danger also international law human rights violation . . . and land appropriation." *See id.* at 1. The United States, "oil companies whose wealth is connected to the United States slave trade," the Kingdom of Saudi Arabia, and Northern District of New York Senior District Judge

---

[1] With the exception of inmate Travis Phillips, these inmate were also Plaintiffs in *Crawford v. United States*, No. 11-CV-1437 (DNH/RFT) (N.D.N.Y. filed Feb. 9, 2012) (hereinafter "*Crawford*") and *Strozier v. United States*, No. 9:12-CV-0333 (TJM/TWD) (N.D.N.Y. filed Feb. 27, 2011) (hereinafter "*Strozier*"). *Crawford* was dismissed in June, 2012, upon Plaintiff's failure to pay the filing fee. *See Crawford*, Dkt. No. 34 (Judgment), *appeal dismissed*, No. 12-3943 (2d Cir. filed Feb. 14, 2013). In a Decision and Order filed September 4, 2012, Senior District Judge Thomas J. McAvoy dismissed the complaint in *Strozier* with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A as frivolous and duplicative of *Crawford* and actions brought in the Northern District of Illinois, the Northern District of California, and the District of New Jersey. *See Strozier*, Dkt. No. 102 at 9-12, *appeal pending*, No.12-3890 (2d Cir. filed Sept. 27, 2012).

Thomas J. McAvoy, are named as Defendants.² In addition to the Court's federal question and diversity jurisdiction, Plaintiffs invoke international law and "extraterritorial jurisdiction also with Public Juris claim." *See id.* at 1, 8-9.³

The complaint, along with the numerous other motions, supplements, and affidavits, appear to have been written and submitted by Plaintiff Lawrence L. Crawford, a/k/a Jonah Gabriel Jahjah T. Tishbite and "The King of the North." Plaintiff Crawford is said to be a "foreign king/khalifah" who has been illegally prevented from "establishing his throne and taking authority over commerce attributed to the nations that are to come under his rule." *See* Dkt. No. 1 at 16.⁴

---

² Although Judge McAvoy is not named as a Defendant in the caption of the complaint, he is clearly identified as such in the body of the complaint. *See, e.g.*, Dkt. No. 1 at 15. This action was initially assigned to Judge McAvoy, but was reassigned to this Court upon Judge McAvoy's recusal. *See* Dkt. No. 114.

³ Plaintiffs intended their complaint to include the complaint in *Strozier* and the twenty-two petitions for habeas corpus relief which were received with that complaint, but docketed as separate actions. *See* Dkt. No. 1 at 3-4; *see also* Dkt. No. 44. However, because those documents were not received for filing, neither the Defendants named nor the claims asserted therein are part of this action. In addition to attempting to refile *Strozier* in this District, Plaintiffs attempted unsuccessfully to "remove" *Strozier* to the United States District Court for the Northern District of Ohio. *See Welch v. United States*, No. 1:12 CV 2238 (N.D. Ohio, Memorandum of Opinion and Order filed Nov. 5, 2012, Gaughan, J., dismissing the action pursuant to 28 U.S.C. § 1915(e)) (hereinafter "*Welch*").

⁴ As noted in the complaint, "part of the prophesy of his emergence is that he would produce legal issues as a 'calling card.'" *See* Dkt. No. 1 at 7. In addition to *Crawford* and *Strozier*, where he was identified as the "lead litigator," *see Strozier*, Dkt. No. 1 at 11, 20, Plaintiff Crawford is a plaintiff/petitioner in two other actions filed in the Northern District of New York. *See Crawford v. State of New York*, No. 08-CV-1287 (Decision and Order, Kahn, J., filed 2/17/09, dismissing petition for habeas corpus relief for lack of jurisdiction and dismissing claims for damages under § 1983 as insufficiently pleaded); *Crawford v. Superintendent*, No. 12-CV-0363 (Decision and Order, McAvoy, J., filed 3/21/12, transferring petition for habeas corpus relief to the District of South Carolina). Plaintiff Crawford has also filed numerous civil actions in federal courts across the country. *See* U.S. Party/Case Index (last visited Feb. 27, 2013) <http://pacer.uspci.uscourts.gov/cgibin/dquery.pl >. As stated in the complaint in *Strozier*, "[w]e give the courts and parties notice that this is one action filed in multiple district courts around the nation as a class action, diversity jurisdiction, with writ of habeas corpus class action attached." *Strozier*, Dkt. No. 1 at 41.

2

The filing fee for this action has not been paid.  In response to the Order issued by Magistrate Judge Therese Wiley Dancks shortly after this action was commenced, applications for *in forma pauperis* ("IFP") status and the inmate authorization form required in the Northern District have been submitted on behalf of Plaintiff Crawford and eighteen other Plaintiffs.[5]

## II. PLAINTIFFS' APPEAL

On September 27, 2012, Plaintiffs filed a ninety-three page submission addressed to the United States Court of Appeals for the Second Circuit encaptioned "Affidavit of Facts Seeking Writ of Mandamus And Motioning for Declaratory Judgment."  This submission was duly filed and entered on the docket as a notice of appeal to the Second Circuit.  *See* Dkt. No. 116.[6]  As stated therein, Plaintiffs seek, inter alia, "all cases reopened and consolidated," the appointment of legal counsel, "discovery and an evidentiary hearing," class action certification, "all defendants nationally be given notice," and "the remittitturs in the SC Court of Appeals be recalled and all cases in question be transferred."  *See id*.

---

[5] Plaintiffs have acknowledged in prior filings that Plaintiff Crawford has three "strikes" for purposes of 28 U.S.C. § 1915(g).  *See, e.g., Strozier*, Dkt. No. 102 at 2 n.3; *Welch*, Dkt. No. 13 at 2-3.  While dismissal of the complaint renders these matters moot, the Court notes that upon preliminary review questions exist regarding the authenticity of certain of the IFP applications.  For example, a note from Freeman asking that his name be removed from this action was received on the same day as an IFP application and authorization form in his name were received as part of a mailing from Plaintiff Crawford.  *See* Dkt. Nos. 25-27.  With respect to Plaintiffs Rush, Rutland, and Barnes, although service of Magistrate Judge Dancks' Order was returned marked as undeliverable to them, completed IFP applications and inmate authorizations forms were submitted.  *See* Dkt. Nos. 11, 21, 22, 28, 35, 50, 51, 57, 58.

[6] The All Writs Act, 28 U.S.C. § 1651(a), empowers the Court of Appeals to issue a writ of mandamus directing a district court to correct an erroneous order.  "Mandamus, however, is a 'drastic and extraordinary remedy,' whose use is warranted only under 'circumstances amounting to a judicial usurpation of power or a clear abuse of discretion' by the district court."  *Linde v. Arab Bank, PLC*, __ F.3d __, 2013 WL 203404, at *11 (2d Cir. Jan. 18, 2013) (citing *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 390 (2004)).

at 83-84. As of the date hereof, the appeal is pending.[7]

As a general rule, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court over those aspects of the case involved in the appeal ." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy. . . ." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). For example, it "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citing *In re Chevron Corp.*, 749 F. Supp. 2d 170, 179 (S.D.N.Y. 2010)).[8] In *Rodgers*, the Second Circuit noted that "[w]e fail to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but

---

[7] The identical notice of appeal was filed in *Strozier* and in *Crawford*. *See Strozier*, Dkt. No. 114; *Crawford*, Dkt. No. 50. The appeal in *Strozier* is also pending. The appeal in *Crawford* was dismissed on February 14, 2013, as lacking "an arguable basis in law or fact." *See Crawford v. United States*, No. 12-3943 (2d Cir. Feb. 14, 2013).

[8] *See, e.g., Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990) (holding that notice of appeal taken from non-final judgment was "premature, and did not divest the district court of jurisdiction to amend the judgment"); *Leonhard v. U.S.*, 633 F.2d 599, 610 (2d Cir. 1980) (same); *White v. Conway*, No. 9:07-CV-1175 (FJS/TWD), 2012 WL 1415429, *4 n.2 (N.D.N.Y. Apr. 3, 2012) (holding that interlocutory appeal of a nonfinal order does not divest the district court of jurisdiction over habeas corpus petition); *Dixon v. McGinnis*, No. 06 Civ. 39, 2012 WL 6621728, at *3 (S.D.N.Y. Dec. 19, 2012) (same); *O'Neil v. Ponzi*, No. 5:09-CV-0983 (GTS/GHL), 2010 WL 502943, at *2 n.2 (N.D.N.Y. Feb. 9, 2010) (holding that, absent the parties consent pursuant to 28 U.S.C. § 636(c), interlocutory appeal from magistrate judge order does not divest the district court of its jurisdiction over civil complaint); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629, 2008 WL 5273960, *1 (E.D.N.Y. Dec. 18, 2008) ("A district court may ignore an appeal from a non-appealable order and proceed to exercise jurisdiction over a case"); *Hoffenberg v. U.S.*, No. 00-CV-1686, 2004 WL 2338144, *2 (S.D.N.Y. Oct. 18, 2004) ("Where, however, a notice of appeal has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court").

dismiss the appeal." *Rodgers*, 101 F.3d at 251–52.

Here, it is not at all clear what order Plaintiffs are appealing. Notwithstanding the length of the docket, only two orders were filed prior to the notice of appeal. On March 23, 2012, Magistrate Judge Dancks directed Plaintiffs to comply with the filing fee requirements for this action. *See* Dkt. No. 2. On September 19, 2012, Senior District Judge McAvoy recused himself from this action in light of his having been named as a Defendant. *See* Dkt. No. 114.[9] Neither order was a final order, nor were these orders subject to permissive interlocutory appeal. *See* 28 U.S.C. §§ 1291, 1292. As such, the Court finds that the appeal is unauthorized and frivolous. In addition, because any further delay in reviewing the sufficiency of the complaint would be inefficient, the Court finds it appropriate to retain jurisdiction. *See*, *e.g.*, *Dixon*, 2012 WL 6621728, at *3 (citing *Jackson v. Poole*, No. 06 Civ. 0188, 2011 WL 4901314, *4 (S.D.N.Y. July 19, 2011)).

### III. SUFFICIENCY OF THE COMPLAINT

**A.  The Complaint**

As alleged in the complaint, Plaintiff Crawford was "framed" and unlawfully convicted in South Carolina. *See* Dkt. No. 1 at 5. Sometime later, "the judges of the state courts at all levels including the U.S. District Court" discovered that Plaintiff Crawford is "a foreign King/Khalifah and they engage[d] in acts of official torture of that foreign official. . . ." *See id.* The alleged acts of "judicial fraud conspiracy" are seemingly intended to "keep this man, this foreign king/khalifah

---

[9] *See United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 183 (2d Cir. 1991) (noting that the denial of a motion for recusal ordinarily is not a final order). It is entirely possible, moreover, that Plaintiffs submitted the appeal (dated September 21, 2012) prior to receiving Judge McAvoy's Decision and Order (issued September 19, 2012).

5

illegally seized and from being known to the global public," "prevent a $10 trillion lien from being placed on their global assets," and to "keep him from his inheritance of ancestral lands." *See id.* at 6-8. These "legal issues" are said to affect all of the plaintiffs, "as they do every inmate in the nation whose conviction is based upon indictment," all of whom "now also become kings/khalifahs under theocratic/shariah laws." *Id.* at 8. Based upon these and other allegations, Plaintiffs claim that this court has jurisdiction to provide relief from their convictions under international law, as well as federal law. *See id.* at 8-10.

The complaint also contains a lengthy statement of the perceived errors and deficiencies in Judge McAvoy's decision in *Strozier* which, it is alleged, failed to recognize the merit of Plaintiffs' claims and improperly dismissed the complaint. *See* Dkt. No. 1 at 9-30.[10] Like others before him, Judge McAvoy is said to have engaged "in acts of intrinsic as well as extrinsic judicial fraud, . . .[and] acts of official mental and physical torture[.]" *See id.* at 15.[11] Plaintiffs seek an order of this Court declaring all orders issued by Judge McAvoy void, reopening any case that was dismissed and recalling any case that was transferred. *See id.* at 31-32. Further, Plaintiffs ask that the "writs of

---

[10] Plaintiffs also disagree with the determination made by the Clerk of the Court to file the twenty-two habeas corpus petitions received for filing with the complaint in *Strozier* as separate actions, and with the disposition of those proceedings by Judge McAvoy, the judicial officer assigned thereto.

[11] Plaintiffs routinely name the judicial officers assigned to their prior actions as Defendants in future filings, and level charges of "intrinsic as well as extrinsic judicial fraud" against them. *See, e.g., Strozier*, Dkt. No. 1 at 17 (declaring that this "is the same action [as *Crawford*] involving the same defendants with Judge Treece being added as a defendant") & 24 ("Judge Treece has engaged in acts of intrinsic as well as extrinsic judicial fraud, engaging in acts of official mental and physical torture"). As Judge McAvoy noted in *Strozier*, at least eighteen judicial officers, as well as several entire courts (*e.g.*, Richmond County Common Pleas Court, South Carolina Court of Appeals, Third Circuit Court of Appeals), were named as defendants in that action. *See Strozier*, Dkt. No. 102 at 4 n.6; *see also Welch*, Dkt. No. 13 at 1-2 (noting that the complaint named two entire federal circuit courts of appeals and "many, many judges").

habeas corpus be consolidated and heard with the § 1983 action" and that they be awarded all other relief sought in *Strozier* and *Crawford*. *See id*. For a complete statement of Plaintiffs' claims, reference is made to the complaint.

**B.     Standard of Review**

Since Plaintiffs seek *in forma pauperis* status and are suing several governmental agencies, as well as government employees and officials, the Court must review the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . .(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both 28 U.S.C. § 1915(e) and § 1915A are available to evaluate prisoner *pro se* complaints). Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*,

7

700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that the complaint is not subject to dismissal under 28 U.S.C. §§ 1915(e) and 1915A before permitting an action to proceed.[12]

A complaint which fails to allege "enough facts to state a claim to relief that is plausible on its face" is subject to dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[13] A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than mere labels and conclusions; rather a complaint must set forth factual allegations which raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. A complaint which tenders "naked assertion[s]" devoid of "further factual enhancement" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**C.     Analysis**

Judges are entitled to absolute immunity for actions relating to the exercise of their judicial

---

[12] Dismissal of frivolous actions is appropriate "to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 07-CV-1241(TJM/RFT), 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id*. at 325.

[13] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the deficiencies in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

functions. *See Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). "Judicial immunity has been created both by statute and by judicial decision 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of the consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotations omitted).

The proper avenue for challenging a judicial determination is on direct appeal, not by seeking a declaration that the presiding judge's decision violated the litigant's constitutional rights. *See Montesano v. State of New York*, No. 05 CV 9574, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006) (citation omitted). "Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Id*. (citation omitted).

As a result, Plaintiffs' claims against Judge McAvoy, which arise from the exercise of his judicial function, are dismissed with prejudice.

With respect to the remaining Defendants (the United States, "oil companies whose wealth is connected to the United States slave trade," and the Kingdom of Saudi Arabia), the Court finds that the complaint fails to allege facts which even suggest the existence of one or more claims upon which relief may be granted and over which this Court has jurisdiction. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); *see also Neitzke*, 490 U.S. at 325, 327-28 (holding that factually

frivolous encompasses allegations that are "fanciful," "fantastic," and "delusional").[14]

Based upon the foregoing, in the interest of wise judicial administration and in accordance with 28 U.S.C. §§ 1915(e) and 1915A, this action is **dismissed with prejudice**. In addition, in light of Plaintiffs' history of vexatious and repetitive litigation, the Court refers this matter to Northern District Chief Judge Gary L. Sharpe to consider whether Plaintiffs should be enjoined from filing future cases in this District without first obtaining permission from the Chief Judge.

### IV. CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that the complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the applications for *in forma pauperis* status are **DENIED as moot**; and the Court further

**ORDERS** that all other pending motions and/or requests for relief are **DENIED as moot**; and the Court further

**ORDERS** that this matter is referred to Northern District Chief Judge Gary L. Sharpe to consider whether Plaintiffs should be enjoined from filing future *pro se* cases in this District without permission from the Chief Judge; and the Court further

---

[14] Plaintiffs have not made any showing that venue is proper in this District, nor does it appear that it would be in the "interest of justice" to transfer the case to any other court. *See* 28 U.S.C. § 1406(a). Dismissal is therefore warranted for this reason as well. *See id.*

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiffs.[15]

**IT IS SO ORDERED.**

Dated: March 11, 2013
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge

---

[15] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this Decision and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal.